**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hymme HOGUE, Defendant–Appellant.**

No. 03–3837.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.

Decided June 24, 2004.

district court's rationale is "apparent from the record").

Timothy A. Bass, Office of the United States Attorney, Urbana, IL, for Plaintiff–Appellee.

Hymme Hogue, Manchester, KY, pro se.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

ORDER

Hymme Hogue pleaded guilty to possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g)(1), and was sentenced at the top of the guideline range to 87 months' imprisonment. Hogue appeals, but his appointed counsel now moves to withdraw because she cannot discern a nonfrivolous issue for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), we invited Hogue to respond to counsel's motion, but he has not done so. We therefore limit our review to those issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first considers challenging the voluntariness of Hogue's guilty plea, but properly does not explore the issue because Hogue has told her that he does not wish to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Counsel next discusses whether Hogue might be able to challenge the calculation of his sentence. But this would be frivolous because Hogue received a sentence that was less than the ten-year statutory maximum, *see* 18 U.S.C. § 924(a)(2), and within the guideline range of 70 to 87 months. At the sentencing hearing, both Hogue and his attorney stated that they had no objections to the presentence report, thereby waiving any challenge to the calculation of the guideline range. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000).

Finally, counsel considers whether Hogue could argue that he should have received a downward departure because he claimed to have possessed the gun only under coercion and duress. *See* U.S.S.G. § 5K2.12. This too would be frivolous because the district court, after holding a hearing, recognized that it had the authority to depart downward but declined to do so; since the district court recognized its discretion, we would lack jurisdiction to review its decision not to depart from the guideline range. *See United States v. Hernandez*, 330 F.3d 964, 987 (7th Cir. 2003).

The issues identified by counsel are indeed frivolous. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.